**BLAZER FINANCIAL SERVICES, INC.,
Plaintiff-Appellant,**

v.

**Ed DIDDLE, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Jan. 19, 1983.

Permission to Appeal Denied by
Supreme Court April 4, 1983.

George P. Linebaugh, Jr., Nashville, for plaintiff-appellant.

William D. Castleman, Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge.

Plaintiff sued defendant as guarantor of the liability of one Tate Rogers. The Chancellor entered summary judgment for defendant, and plaintiff appealed.

On November 15, 1978, defendant executed to plaintiff's predecessor-assignor an instrument entitled, "Continuing Guaranty" wherein defendant guaranteed that Tate Rogers would pay "all indebtedness which now exists or which may hereafter accrue in any manner from said debtor to said finance company."

The same instrument provided that it should inure to the benefit of assignees of any such indebtedness.

The debt which was the original and principal occasion for the guaranty has been paid.

The debt represented in the present controversy was incurred on May 30, 1979, when Tate Rogers and Martha Rogers executed to plaintiff's predecessor a note in the amount of $10,335.60. The note was subsequently assigned to plaintiff which filed this suit against the guarantor for the unpaid balance on the note.

The answer of defendant admitted execution of the guaranty, declined to admit or deny the above mentioned debt of Tate and Martha Rogers, and denied that the guaranty applied to said debt.

Plaintiff filed a motion for judgment on the pleadings which has not been acted upon.

Defendant filed a motion for summary judgment as follows:

Comes the Defendant, ED DIDDLE, pursuant to T.R.C.P. 56.02, and moves the Court to enter summary judgment in this case in favor of the Defendant, ED DIDDLE, in that the pleadings, together with the sworn Affidavit of Art Spain hereto attached as Exhibit A, show that there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law.

In support of said motion, defendant filed the affidavit of Art Spain as follows:

I, ART SPAIN, after being duly sworn according to law, state as follows:

That I was employed as an officer of Financial Acceptance Corporation from September, 1978, through November, 1980. My duties included full authority to approve loans.

That on or about October 18, 1978, I authorized a commercial loan to Tate Rogers in the amount of $9825.20 and for the purpose of a joint venture between

Tate Rogers and Ed Diddle. The said loan document is attached to the complaint as Exhibit B.

That on or about November 15, 1978, Ed Diddle executed a document captioned, "Continuing Guaranty", to guarantee the payment of the original loan of $9825.20 and to guarantee subsequent loans to the commercial joint venture between Ed Diddle and Tate Rogers. The specific intent and express purpose of this document is and was to have Ed Diddle to guarantee any future loans to the commercial joint venture.

On or about May 30, 1979, I authorized a personal consumer loan to Tate Rogers and Martha Rogers and obtained a security interest in the household goods of the said Tate and Martha Rogers. It was not my intent that the previously executed loan guaranty by Ed Diddle apply to this personal loan to Tate and Martha Rogers.

Mr. Diddle was not given notice of this loan by either myself or any agent of Financial Acceptance Corporation.

An additional affidavit of Art Spain also appears in the record as follows:

I, ART SPAIN, after being duly sworn according to law, state as follows:

I made an affidavit dated the 9th day of July, 1982, concerning this case and in addition to said affidavit hereby state that Mr. Diddle was not given notice of the new loan and was not notified about any modifications about the guaranty agreement and said guaranty agreement which was in writing was not modified in writing.

The Chancellor sustained defendant's motion for summary judgment and dismissed the suit, and plaintiff appealed.

Plaintiff cites authorities holding that a contract may not be changed without the consent of both parties.

Plaintiff might well have relied upon the parol evidence rule which excludes evidence of oral understandings contrary to a written contract.

If this cause had been tried in a court of law, plaintiff might have prevailed, but the cause originated in a court of equity which has the power to entertain equitable defenses to an action at law. *Continental Bankers Life Ins. Co. of the South, Inc. v. Simmons,* Tenn.App.1977, 561 S.W.2d 460.

The answer of defendant contained the following:

3. Defendant admits signing the guaranty and further shows the Court that the parties intended the guaranty to apply only to the business indebtedness of Tate Rogers.

. . . .

7. ... Defendant denies that his guaranty applies to the second note in the amount of Six Thousand Five Hundred Fifty-one ($6,551.00) Dollars and denies liability upon the said note.

Reformation of a contract may properly be decreed where both parties agree as to the intention in making it. *Sherman v. Cate,* 159 Tenn. 69, 16 S.W.2d 25 (1929).

In a bill to reform a contract on grounds of mutual mistake, it is necessary to allege circumstances causing the mistake and the fact that complainant was free of any fault in the matter. *Connecticut Indem. Co. v. De Galleford,* 225 Tenn. 406, 470 S.W.2d 5 (1971).

It appears that the answer of defendant imperfectly set out a defense representing a counterclaim for reformation. No exception was taken to the form of the pleading.

Even if the imperfection in the pleading be overlooked, defendant's motion for summary judgment was not properly supported by evidence. The affidavit of Mr. Spain is not sufficient because it states conclusions of the affiant and not facts. Also, it relates only to the intent of the representative of the beneficiary of the guaranty. There is no evidence of the intent of the guarantor or of his freedom from fault.

A summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. T.R. C.P. 56.03. Even though the affidavits

demonstrate no material issue as to any material fact, the affidavits do not demonstrate sufficient facts to entitle defendant to a judgment "as a matter of law."

Accordingly, the summary judgment for the defendant is reversed, and the cause is remanded to the Chancellor for further proceedings, including amendment of the pleadings to properly state the insistences of the parties. Costs of this appeal are taxed equally, that is, each party shall be taxed with one half of the costs on appeal.

Reversed and remanded.

LEWIS, J., concurs.

CONNER, J., dissents in separate opinion.

CONNER, Judge, dissenting.

I must respectfully dissent from the views of my brethren.

Once a determination is made that the defense of "reformation" was raised—no matter how imperfectly pleaded—and the only evidence in the record is that the guaranty was intended to apply only to the existing and future business loans to Messrs. Diddle and Rogers—and not the personal loan to Mr. and Mrs. Rogers—I would affirm the chancellor. It is patently obvious from the defendant's answer and a reasonable inference from Mr. Spain's unrefuted affidavit of the clear intention of all parties in this regard. Mr. Spain was the officer who authorized both subject loans for the plaintiff, clearly knew what was intended and so stated in his affidavits. It is the intention of the parties which is critical to reformation. *Sherman v. Cate, supra.* It was this intention which was directly and necessarily addressed in the affidavits of Mr. Spain.

I consider it an unnecessary gesture to return the matter to the trial court simply to allow the defendant guarantor to reaffirm the assertion in his answer that the guaranty was intended "to apply only to the business indebtedness of Tate Rogers" or to testify to his lack of fault when no such fault was ever remotely suggested by the pleadings or affidavits.